STATE OF HAWAI`I, Plaintiff-Appellee,
v.
DAMON R. GRAY, Defendant-Appellant
No. 29051.
Intermediate Court of Appeals of Hawaii.
April 29, 2009.
Jon N. Ikenaga, Deputy Public Defender for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
RECKTENWALD, C.J., NAKAMURA AND FUJISE, JJ.
Defendant-Appellant Damon R. Gray (Gray) appeals from the Judgment entered by the District Court of the First Circuit, Honolulu Division (district court)[1] on February 7, 2008, convicting and sentencing him for Excessive Speeding, in violation of Hawaii Revised Statutes (HRS) § 291C-105 (a) (2) (2007).[2]
Gray contends that the district court erred in admitting the laser gun reading in the absence of sufficient foundation to prove the accuracy of the particular laser gun used by the arresting officer.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we conclude as follows.
Gray failed to preserve his objection to the laser device on the basis of whether the "device was tested according to accepted procedures and was determined to be functioning properly[.]" After Officer Cullen Kau (Officer Kau) testified about the four tests he conducted on his laser gun before measuring Gray's vehicle's speed, Gray asked for voir dire or, in the alternative, for a running objection to any "accuracy statement" about, or reading from, the laser gun. Thus, Gray's objection was not that Officer Kau failed to testify regarding the results of the diagnostic pretests, but that it had not been shown that those tests themselves could assure the laser gun was accurate on the date in question. A specific objection waives other objections not made. State v. Vliet, 91 Hawai`i 288, 298-99, 983 P.2d 189, 199-200 (1999) (quoting Tabieros v. Clark Equip. Co., 85 Hawai`i 336, 379 n.29, 944 P.2d 1279, 1322 n.29 (1997) (waiver where the trial objection differs from that pressed on appeal)).
In any event, sufficient foundation existed that (a) "the device was tested according to accepted procedures" and (b) "the operator of the device was qualified by training and experience to operate the device." State v. Stoa, 112 Hawai`i 260, 265, 145 P.3d 803, 808 (App. 2006) (citing State v. Tailo, 70 Haw. 580, 582, 779 P.2d 11, 13 (1989)). Officer Kau, prior to his shift performed the four required functionality teststhe self-test, display test, scope alignment test, and delta distance velocity test. Officer Kau was certified to use the LTI 2020 laser gun on the date of the offense. He had been certified since August 1993 with eight hours of instruction, was certified as an instructor in July of 1997 with eight additional hours of instruction, and received a refresher course.
Therefore, the February 7, 2008 Judgment entered by the District Court of the First Circuit, Honolulu Division is affirmed.
NOTES
[1] The Honorable Russel S. Nagata presided.
[2] At the time Gray allegedly committed the offense with which he was charged, HRS § 291C-105(a)(2) (2007) stated:

(a) No person shall drive a motor vehicle at a speed exceeding:
. . . .
(2) Eighty miles per hour or more irrespective of the applicable state or county speed limit.